**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00827-002-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Margo Cruz, | |
| Defendant. | |

     Defendant Margo Cruz pled guilty to conspiracy to possess with intent to distribute cocaine, and was sentenced to 37 months in prison. Doc. 124. The Court ordered that he surrender to serve his sentence on May 29, 2020, but allowed the parties to brief the question of whether he should be released pending appeal. The briefing is now complete. *See* Docs. 127, 128, 129.

     The factors to be considered in deciding whether a convicted and sentenced defendant should be released pending appeal are set forth in 18 U.S.C. § 3143(b)(1)(A) and (B). Those factors will be discussed below. But because Defendant's offense of conviction constitutes a crime "for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act" – in this case, a potential maximum term of 40 years – Defendant may be released pending appeal only if he "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c) (citing 18 U.S.C. § 3142(f)(1)(C)).

"By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) (quotation marks and citation omitted). The United States currently is enduring the COVID-19 pandemic. Defendant's employer, Sysco New Mexico, has informed the Court that Defendant is "critical" to its operation as a food distribution company in New Mexico during the pandemic and the stay-at-home order issued by relevant government authorities. Doc. 129-1. This presents an exceptional reason for Defendant to be released pending appeal. When the pandemic ends, the government may seek a revocation of Defendant's release if it concludes that other factors in this case do not satisfy § 3145(c). If the government files such a motion, the Court will revisit the release issue on the basis of conditions existing at the time.

The Court also finds that Defendant satisfies the requirements of § 3143(b)(1)(A) and (B). His pretrial release performance provides clear and convincing evidence that he is not likely to flee or pose a danger to the community. His appeal arguments, although incorrect in the view of the undersigned judge, raise substantial questions which, if successful, could result in reversal of his conviction.

**IT IS ORDERED** that Defendant's self-surrender date of May 29, 2020 is vacated. Pursuant to 18 U.S.C. §§ 3143(b)(1) and 3145(c), Defendant is released – pursuant to his existing release conditions – until the conclusion of his appeal, unless the Court orders otherwise.

Dated this 3rd day of April, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge